UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 25-CR-80067-Smith/Reinhart

18 U.S.C. § 1343
18 U.S.C. § 981(a)(1)(C)

UNITED STATES OF AMERICA,

vs.

JUSTIN BRANDON BERNS,

    Defendant.

_____/



FILED BY _____ D.C.
MAY 06 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times material to this Indictment:

1. Defendant **JUSTIN BRANDON BERNS** was a resident of West Hollywood, California.

2. E.B., a resident of Deerfield Beach, Florida, was **JUSTIN BRANDON BERNS'** father.

3. Victim R.P. was a resident of West Palm Beach, Florida. R.P. utilized a business bank account at Seacoast Bank ending in 1741.

4. Victim R.P. and E.B. had been friends for over thirty years and were in the same professional industry for many years.

1

## COUNTS 1-11
## Wire Fraud
## (18 U.S.C. § 1343)

1. The General Allegations section of this Indictment is realleged and incorporated by reference as though fully set forth herein.

2. Beginning in or around March 2017, the exact date being unknown to the Grand Jury, and continuing through on or about March 11, 2025, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**JUSTIN BRANDON BERNS,**

did knowingly, and with the intent to defraud, devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communications in interstate commerce, certain writings, signs, signals, and sounds, in violation of Title 18, United States Code, Section 1343.

### PURPOSE OF THE SCHEME AND ARTIFICE

3. It was the purpose of the scheme and artifice for **JUSTIN BRANDON BERNS** to unlawfully enrich himself by inducing Victim R.P. to give him large sums of money, purportedly to unfreeze the defendant's access to his own bank accounts, when in truth and in fact, the defendant used the funds received from Victim R.P. for his personal use and benefit.

2

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE

4. The manner and means by which **JUSTIN BRANDON BERNS** sought to accomplish the purpose of the scheme and artifice to defraud included, among other things, the following:

   a. **JUSTIN BRANDON BERNS** had a USC Credit Union account opened on January 28, 2011 and was the sole signatory on the account.

   b. **JUSTIN BRANDON BERNS** had a TD Bank account opened on August 12, 2018 and was the sole signatory on the account.

   c. **JUSTIN BRANDON BERNS** had a First Republic Bank account opened on May 17, 2019 and was the sole signatory on the account.

   d. **JUSTIN BRANDON BERNS** had two Suntrust Bank accounts opened on March 15, 2017 and was the sole signatory on the account.

   e. **JUSTIN BRANDON BERNS** had two Wells Fargo Bank accounts opened on August 6, 2018 and was the sole signatory on the account.

   f. **JUSTIN BRANDON BERNS** solicited and caused to be solicited money from Victim R.P. by claiming, among other things, that money that E.B. had previously lent to the Defendant to cover his financial hardships was frozen but would be recovered if Victim R.P. helped the Defendant pay some imposed fees.

   g. To induce Victim R.P. to send him more money, **JUSTIN BRANDON BERNS** created fraudulent letters from financial institutions and collection agencies which falsely stated: (1) that **JUSTIN BRANDON BERNS** had millions of dollars on deposit at the bank, but which were frozen and unavailable for use; and (2) that upon further payment of fees and penalties, the bank would release the funds to **JUSTIN BRANDON BERNS** and/or Victim R.P. In truth and in

fact, as **JUSTIN BRANDON BERNS** then and there well knew, the letters were not genuine, he did not have such a balance at the financial institutions, and no such payments would be forthcoming to him or Victim R.P.

h. At times, **JUSTIN BRANDON BERNS** claimed to Victim R.P. that the financial institutions would only accept payments from himself or E.B. and would cause Victim R.P. to send money to E.B., who in turn, would send the funds to **JUSTIN BRANDON BERNS**.

j. To convince Victim R.P. that he was making efforts to access the funds that Victim R.P. had sent to him, **JUSTIN BRANDON BERNS** created the fictitious persona of a California attorney named "Stephen Hernandez," who **JUSTIN BRANDON BERNS** claimed was assisting him with communicating with the financial institutions that had frozen **JUSTIN BRANDON BERNS'** funds. In truth and in fact, as **JUSTIN BRANDON BERNS** well knew, "Stephen Hernandez" did not exist.

k. On or about September 27, 2018, **JUSTIN BRANDON BERNS** created a Gmail email account for "Stephen Hernandez" and utilized this email account to communicate with Victim R.P. as "Stephen Hernandez" to discuss efforts to unfreeze the funds allegedly locked in **JUSTIN BRANDON BERNS'** bank accounts. From September 2018 until at least May 2024, **JUSTIN BRANDON BERNS** wrote and sent emails as the fictitious attorney to Victim R.P. while, at times, copying himself and his father, E.B.

l. From in or around March 2017, to on or about March 11, 2025, Victim R.P. sent **JUSTIN BRANDON BERNS** over $7 million, based on **JUSTIN BRANDON BERNS'** false and fraudulent representations.

## USE OF WIRES

5. On or about the dates specified as to each count below, in the Southern District of Florida and elsewhere, **JUSTIN BRANDON BERNS**, for the purpose of executing the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly transmit and cause to be transmitted in interstate and foreign commerce, by means of wire communication, certain writings, signs, signals, pictures and sounds, as described below:

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| 1 | August 26, 2020 | Wire transfer in the approximate amount of $25,000 from Victim R.P.'s Seacoast Bank account ending in 1741 to TD Bank account ending in 4883, an account controlled by **JUSTIN BRANDON BERNS** |
| 2 | December 4, 2020 | Wire transfer in the approximate amount of $29,112.21 from Victim R.P.'s Seacoast Bank account ending in 1741 to Wells Fargo Bank account ending in 6100, an account controlled by **JUSTIN BRANDON BERNS** |
| 3 | February 1, 2021 | Wire transfer in the approximate amount of $10,390 from Victim R.P.'s Seacoast Bank account ending in 1741 to Wells Fargo Bank account ending in 6043, an account controlled by **JUSTIN BRANDON BERNS** |
| 4 | October 5, 2021 | Wire transfer in the approximate amount of $17,800 from Victim R.P.'s Seacoast Bank account ending in 1741 to Wells Fargo Bank account ending in 6043, an account controlled by **JUSTIN BRANDON BERNS** |
| 5 | February 2, 2022 | Wire transfer in the approximate amount of $16,000 from Victim R.P.'s Seacoast Bank account ending in 1741 to TD Bank account ending in 4883, an account controlled by **JUSTIN BRANDON BERNS** |
| 6 | November 14, 2022 | Wire transfer in the approximate amount of $22,000 from Victim R.P.'s Seacoast Bank account ending in 1741 to Wells Fargo Bank account ending in 6100, an account controlled by **JUSTIN BRANDON BERNS** |
| 7 | April 3, 2023 | Wire transfer in the approximate amount of $21,000 from Victim R.P.'s Seacoast Bank account ending in 1741 to First Republic Bank account ending in 7144, an account controlled by **JUSTIN BRANDON BERNS** |

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| 8 | June 23, 2023 | Wire transfer in the approximate amount of $13,228.43 from Victim R.P.'s Seacoast Bank account ending in 1741 to TD Bank account ending in 4883, an account controlled by **JUSTIN BRANDON BERNS** |
| 9 | August 29, 2023 | Wire transfer in the approximate amount of $63,371.79 from Victim R.P.'s Seacoast Bank account ending in 1741 to TD Bank account ending in 4883, an account controlled by **JUSTIN BRANDON BERNS** |
| 10 | January 9 2024 | Wire transfer in the approximate amount of $48,331.77 from Victim R.P.'s Seacoast Bank account ending in 1741 to First Republic Bank account ending in 7144, an account controlled by **JUSTIN BRANDON BERNS** |
| 11 | May 3, 2024 | Wire transfer in the approximate amount of $24,600 from Victim R.P.'s Seacoast Bank account ending in 1741 to First Republic Bank account ending in 7144, an account controlled by **JUSTIN BRANDON BERNS** |

All in violation of Title 18, United States Code, Sections 1343 and 2.

**FORFEITURE ALLEGATIONS**

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which the defendant, **JUSTIN BRANDON BERNS**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1343, as alleged in this Indictment, Defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United State Code, Section 981(a)(1)(C).

3. The property subject to forfeiture as a result of the alleged offenses includes, but is not limited to, the following:

    (i)    a sum of the value of the proceeds which constitutes or is derived from proceeds traceable to the offense and which may be sought as a forfeiture money judgment.

4. If any of the property subject to forfeiture, as a result of any act or omission of the defendants:

 a. cannot be located upon the exercise of due diligence;

 b. has been transferred or sold to, or deposited with, a third party;

 c. has been placed beyond the jurisdiction of the court;

 d. has been substantially diminished in value; or

 e. has been commingled with other property which cannot be divided without difficulty.

the United States shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL.

~~GRAND JURY~~ FOREPERSON

*[signature]*
HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

*[signature]*
AURORA FAGAN
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: 25-CR-80067-Smith/Reinhart

v.

JUSTIN BRANDON BERNS,

_____/

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
- ☐ Miami
- ☐ Key West
- ☐ FTP
- ☐ FTL
- ☑ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: _____
4. This case will take __5-7__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I ☐ 0 to 5 days
   - II ☑ 6 to 10 days
   - III ☐ 11 to 20 days
   - IV ☐ 21 to 60 days
   - V ☐ 61 days and over

   (Check only one)
   - ☐ Petty
   - ☐ Minor
   - ☐ Misdemeanor
   - ☑ Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) Yes
   If yes, Judge Bruce E. Reinhart   Magistrate Case No. 25-mj-8124-BER
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of "Not in custody"
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) No
14. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
15. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No
16. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No

By: _/s/ Aurora Fagan_
AURORA FAGAN
Assistant United States Attorney
FL Bar No. 0188591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** JUSTIN BRANDON BERNS

**Case No:** 25-CR-80067-Smith/Reinhart

Counts # 1 to 11

Wire Fraud

Title 18, United States Code, Section 1343
* Max. Term of Imprisonment: 20 years'
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 3 years'
* Max. Fine: $250,000 plus restitution

\*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.