UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-80067-CR-ARTAU

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JUSTIN BRANDON BERNS,

    Defendant.
_____/

**DEFENDANT'S MOTION FOR RECUSAL OF
THE HONORABLE JUDGE ED ARTAU**

COMES NOW the Defendant, JUSTIN BRANDON BERNS, by and through undersigned counsel, and respectfully moves this Court, pursuant to 28 U.S.C. § 455(a)–(b)(1) and the Due Process Clause, for the recusal of the Honorable Judge Ed Artau. This motion is made in the interest of maintaining public confidence in the integrity and impartiality of the judiciary.

**PROCEDURAL BACKGROUND**

Mr. Berns was initially charged by indictment on May 6, 2025, and subsequently by a Superseding Indictment filed October 30, 2025. The Superseding Indictment expands the case to include nineteen counts of wire fraud and eleven counts of money laundering. The case was reassigned to Judge Ed Artau on September 16, 2025. Trial is presently set for November 17, 2025, in the West Palm Beach Division.

The Federal Public Defender was appointed on September 5, 2025, after prior retained counsel withdrew.

## FACTUAL BASIS

The basis for this motion arises from the relationship between Judge Artau and a potential defense witness, Mr. Keith Sonderling. Mr. Sonderling is one of Mr. is expected to testify as a witness at trial and/or sentencing. Mr. Sonderling currently serves as the Deputy Secretary of Labor.

Public records reflect that Judge Artau and Mr. Sonderling both served on the Florida Fourth District Court of Appeal Judicial Nominating Commission (JNC), where they held overlapping leadership positions, with Mr. Sonderling as Chair and Judge Artau as Vice Chair. Their service together involved close collaboration in vetting and recommending judicial nominees, a process that fosters professional trust and mutual respect.

Mr. Sonderling's testimony would address the defendant's reputation for truthfulness and law-abiding character, that matters central to credibility, a reasonable observer could question whether prior collegial ties between the Court and the witness might influence the Court's rulings on credibility-related evidentiary issues or the weight of testimony. This potential appearance of partiality falls squarely within the ambit of 28 U.S.C. § 455(a).

## LEGAL STANDARD

Under 28 U.S.C. § 455(a), a judge must disqualify himself in any proceeding in which his impartiality might reasonably be questioned. Section 455(b)(1) further

provides for disqualification where a judge has personal bias or personal knowledge of disputed evidentiary facts. The test under § 455(a) is objective: whether an informed, disinterested observer would entertain significant doubt about the judge's impartiality. *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003).

In *Liteky v. United States,* 510 U.S. 540 (1994), the Supreme Court explained that judicial bias requiring recusal must stem from an extrajudicial source, but also reaffirmed that § 455(a) reaches beyond actual bias to circumstances creating an appearance of partiality. Similarly, in *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988), the Court emphasized that the purpose of § 455(a) is to promote public confidence in the judiciary by avoiding even the appearance of impropriety.

Due process likewise requires recusal where there exists a serious risk of actual bias. *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 883–84 (2009). The Eleventh Circuit has reaffirmed that even the appearance of bias, without proof of actual prejudice, requires disqualification to preserve the integrity of the judicial process. *In re Moody*, 755 F.3d 891, 894–95 (11th Cir. 2014).

**ARGUMENT**

Recusal is warranted to preserve public confidence in the appearance of impartiality. An objective, fully informed observer could reasonably perceive that Judge Artau's prior collegial relationship with Mr. Sonderling might affect, consciously or subconsciously, his rulings on issues relating to witness credibility or character testimony. Even the possibility of such influence is sufficient to mandate recusal under § 455(a).

Given the gravity of the allegations, the substantial financial exposure ($7 million alleged loss), and the fact that this case turns heavily on credibility, the appearance of neutrality is critical. Recusal at this juncture would also prevent potential appellate challenges or motions for new trial premised on judicial appearance concerns. Reassignment within the West Palm Beach Division would serve the interests of justice and judicial economy.

## CONCLUSION

For the foregoing reasons, the Defendant respectfully requests that the Honorable Judge Ed Artau recuse himself from this matter under 28 U.S.C. § 455(a)–(b)(1) and the Due Process Clause, and that the case be reassigned to another United States District Judge.

## LOCAL RULE 88.9 CERTIFICATION

Undersigned conferred with AUSA Aurora Fagan regarding this motion. The government objects to this motion.

Respectfully submitted,

HECTOR A. DOPICO
FEDERAL PUBLIC DEFENDER

By:   /s/ *Allari Dominguez*
Allari Dominguez
Assistant Federal Public Defender
Florida Bar No.: 98383
One East Broward Boulevard, Suite 1100
Fort Lauderdale, Florida 33301
Tel: 954-356-7436
E-Mail: Allari_Dominguez@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY certify that on November 10, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing electronically.

/s/ *Allari Dominguez, AFPD*
Attorney for Defendant